IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-MJ-1233

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| LEE GUY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant Lee Guy ("defendant") pending trial. With the consent of counsel, the detention hearing was combined with the preliminary hearing in this case, and the preliminary hearing and detention hearings in the related case in this court against defendant's 18-year-old son, Christian Guy (no. 7:12-MJ-1235-JG), which arises from the same set of facts at issue in the instant case. Prior to reaching the issue of detention in the instant case, the court ruled that the government had established probable cause for the charges against defendant. (The court reached the same conclusion in the case against defendant's son.)

At the hearing, the government presented the testimony of an agent with the Department of Homeland Security and an agent with the North Carolina State Bureau of Investigation. Defendant presented the testimony of a proposed third-party custodian, his mother. The court also reviewed the pretrial services report.

After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of

conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released.  The government's motion is therefore GRANTED.

## Background

Defendant was charged by criminal complaint on 20 November 2012 with conspiracy to distribute more than 100 kilograms of marijuana on 19 November 2012 in violation of 21 U.S.C. § 846.  The evidence presented at the hearing, including substantial information obtained by authorities from a confidential informant who was a former co-conspirator, showed that defendant was the ringleader of a yearlong conspiracy responsible for acquiring from suppliers in the Tucson, Arizona area about 800 to 1,000 pounds of marijuana per month, equaling a total of up to 12,000 pounds of marijuana, and reselling it to distributors in eastern North Carolina.  He participated in a controlled purchase of 400 pounds of marijuana for $200,000 on 19 November 2012 in the Raleigh area.  Defendant enlisted his son and defendant in the related case to assist with this transaction and other activities of the conspiracy, including transporting marijuana from Tucson.  While the confidential informant was still a part of the conspiracy, defendant threatened to kill him and his family if he ever failed to comply with defendant's instructions.  Defendant also told the confidential informant that defendant's suppliers in the Tucson area would kill those who betrayed them.

Defendant was belligerent with one of the agents who arrested him on the instant charges, essentially confronting him nose-to-nose.  Defendant threatened the agent by stating that he would not always have handcuffs on.  Defendant was upset that he was being arrested in front of his 16-month-old daughter.

Defendant operates a rental business for more than 50 residential properties he and members of his family own.  A recent search of the office for that business and the adjoining

2

Case 7:12-cr-00134-F   Document 11   Filed 11/29/12   Page 2 of 4

area located inside the office a black bag with marijuana residue and outside the office three such bags. Firearms were also found during the search, including a pistol inside the office. Defendant is a former law enforcement officer.

The proposed third-party custodian for defendant, his mother, and the proposed third-party custodians for defendant's son, defendant's ex-wife and his current wife (from whom he is separated), denied any knowledge of the alleged conspiracy or the actions taken in furtherance of it. They disclaimed such knowledge although they are all in regular contact with defendant and defendant's son. In addition, two of the three, defendant's mother and his current wife, assist with the operation of the rental business.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offense charged; the circumstances of the offense charged, including the duration of the alleged conspiracy, the amount of marijuana involved, the relative sophistication of the operation, defendant's involvement of his son in the conspiracy, defendant's threat to the confidential informant when the confidential informant was still involved in the conspiracy, defendant's threat to the arresting agent, and his apparent ability to secrete his offense conduct from various family members, including the proposed third-party custodian for defendant; defendant's law enforcement background, signifying, among other things, knowledge of firearms and police methods; the unsuitability of the proposed third-party

custodial arrangement due to the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a significant criminal record and his ties to the Bladen County area. It finds, however, that the factors favoring detention strongly outweigh such evidence. Of particular significance is his threat against the confidential informant which, if defendant were released, he would be in a position to attempt to carry out. Other notable evidence substantiating the risk defendant presents includes without limitation his aggressiveness toward the arresting agent, the location of firearms on the premises of his business, and his law enforcement background.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of November 2012.

James E. Gates
United States Magistrate Judge